IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 26-cv-02514-SKC-TPO

JILBERT CESPEDES LUGO,

      Petitioner,

v.

JUAN BALTAZAR, Warden,
ROBERT HAGAN, AFOWC, and
TODD LYONS,

      Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Amended Application for Writ of Habeas Corpus. Dkt. 6. The Court ordered Respondents to respond to the Amended Petition and show cause why it should not be granted. Dkt. 9. On July 21, 2026, Respondents filed their Response. Dkt. 15. For the reasons shared below, the Court GRANTS Petitioner's Amended Application.

Petitioner Jilbert Cespedes Lugo is a native and citizen of Venezuela. Dkt. 6-4, pg. 14. He entered the United States on September 26, 2023, and encountered immigration officials shortly thereafter. Dkt. 6, pg. 5 & Dkt. 6-4, Pg. 16. He was processed and released on September 26, 2023. *Id.* He received a work permit and social security number. Dkt. 6-4 at 17. On September 21, 2025, he was stopped for a

1

traffic violation in Wyoming, and during a search of his vehicle, police officers found marijuana. *Id.*, pg. 19-20. He was arrested and spent 12 days in jail, and then ICE detained him. *Id.*, pg. 20. He alleges that, at the time he filed his Amended Application, on June 18, 2026, he had been detained for more than 9 months. Dkt. 6, pg. 5.

In his Amended Application, Petitioner asserts the following two claims: (1) "My detention has become unconstitutionaly [sic] prolonged and violates the Fifth (5) Amendment of the Constitution"; and (2) "My deportation to my country is not significantly likely in the reasonable [sic] future." Dkt. 6, pg. 2. For relief, he requests immediate release unless Respondents can: (1) "obtain a travel [document] for my removal"; and (2) "provide written notice a meaninful [sic] opportunity to raise a fear based claim for Convention Again [sic] Torture ("CAT") protection and reopening or providing an opportunity to seen [sic] "REOPEN" my immigration proceeding." Dkt. 6, pg. 4.

Respondents filed an abbreviated response to the order to show cause on July 21, 2026, stating the following:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner. *See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026) (remanding and directing that "the district court shall order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

Dkt. 15, pg. 1-2.

Without any details of facts or circumstances provided by Respondents, it is somewhat difficult for the Court to discern the exact status of  Petitioner's immigration status or circumstances. Petitioner has attached several immigration documents to his Amended Application, including a Notice of Removal, dated December 18, 2025. Dkt. 6-2. In the Notice of Removal, Petitioner's application for asylum was denied, his application for withholding of Removal under INA § 241(b)(3) was denied, his application for withholding of Removal under the Convention Against Torture was denied, and Petitioner was ordered removed to Ecuador or, in the alternative, to Uganda. Dkt. 6-2, pg. 3 & 5. Petitioner reserved his right to appeal the decision; however, there is no indication that he ever filed an appeal. *Id.*

On April 8, 2026, the DHS filed a motion to reopen Petitioner's immigration proceedings to hear the merits of the asylum application. Dkt. 6-4. According to DHS, "[d]uring a post-order review of [petitioner's] case, the DHS concluded it lacked a viable path to removal in accordance with the Ecuador Asylum Cooperative Agreement (ACA[)] and the Uganda ACA at this time." *Id.*, pg. 2.

Petitioner also attached a "Decision to Continue Detention," dated April 13, 2026, which stated that he would not be released because ICE has determined that it "is in receipt of or expects to receive the necessary travel documents to effectuate your removal, and removal is practicable, likely to occur in the reasonably foreseeable future, and in the public interest, when your case is complete." Dkt. 6-3.

On April 22, 2026, the DHS's motion to reopen the immigration proceedings was granted. Dkt. 6-1 at pg. 1.

3

**LEGAL STANDARD**

A petition for writ of habeas corpus under 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 2241(c)(3).

The statutory authority to detain a noncitizen subject to a final order of removal is found in 8 U.S.C. § 1231. *See Munoz Teran v. Bondi,* 2026 WL 161527, at *6 (D.N.M. Jan. 21, 2026) ("Once an order of removal has become final, the authority governing a noncitizen' s detention shifts [from §§ 1225 or 1226] to another statutory provision, 8 U.S.C. § 1231(a)(2)."). When a noncitizen is ordered removed, removal should ordinally be effectuated within a period of 90 days, known as the " removal period." 8 U.S.C. § 1231(a)(1). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. See 8 U.S.C. § 1231(a)(6). However, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months. *Zadvydas v. Davis,* 533 U.S. 678, 701 (2001). After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

If a noncitizen is not subject to a final order of removal, he may be detained under 8 U.S.C. § 1225 or § 1226. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28, 533 (2021); *Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018). Section 1225 mandates detention pending removal proceedings, providing that, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." 8 U.S.C. § 1225(b)(2)(A). Unless certain exceptions are present, as provided for in §§ 1225(b)(2)(B) and (C), § 1225 "mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025). Section 1226, on the other hand, does not mandate detention, providing that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Under § 1226(a)(2), the Attorney General has the discretion to release a noncitizen on bond while removal proceedings are pending. 8 U.S.C. § 1226(a)(2). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

The Tenth Circuit Court of Appeals recently held that "noncitizens who entered the United States and were thereafter detained in the interior of the country" are subject to detention pursuant to 8 U.S.C. § 1226, not § 1225. *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026) ("[Based on

the statutory text and context, we conclude that § 1225(b)(2)(A)'s application is limited to the border.").

## ANALYSIS

In this case, Petitioner was subject to a final order of removal, which was entered on December 18, 2025. *See* Dkt. 6-2. However, on April 26, 2026, DHS's motion to reopen the immigration proceedings was granted because DHS stated there was no viable option for petitioner's removal. *See* Dkt. 6-1. When immigration proceedings are reopened, the final notice of removal is vacated, and the previously terminated immigration proceedings are reinstated. *See Sanchez-Naranjo v. Holder*, 510 F. App'x 759, 760 (10th Cir. 2013) ("[T]he grant[ing] of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings." (citations omitted)); *see also Al-Shewaily v. Mukasey*, 2007 WL 4480773 (W.D. Okla. Dec. 18, 2007) (citing opinions by the First Circuit, Seventh Circuit, and Ninth Circuit in support of its statement that "courts have determined that an [immigration judge's] decision or granting of a motion to reopen removal proceedings vacates the previous order of removal and reinstates the previously terminated immigration proceedings."); *Ndaula v. Hoover*, 2019 WL 3002955, at *3 (M.D. Pa. July 10, 2019) (citing cases for the proposition that "the grant of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings").

Thus, Petitioner is not currently subject to a final order of removal, and the previously terminated immigration proceedings are reinstated. Accordingly, the

Court finds that Petitioner, similar to the petitioner in *Santillan Quiroz*, is currently detained pursuant to § 1226(a).

*     *     *

For the reasons shared above, Petitioner's Amended Application for Writ of Habeas Corpus (Dkt. 13) is GRANTED. Furthermore, because Respondents have offered no lawful basis for his detention—alternative arguments pursuant to § 1226 or the existence of an administrative warrant—the Court concludes Petitioner is entitled to immediate release. *Vargas Cardenas v. Bondi*, No. 1:26-cv-01174-SKC, 2026 WL 886340, at *2 (D. Colo. Apr. 1, 2026). It is FURTHER ORDERED that:

1. Petitioner  Jilbert Cespedes Lugo not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and Respondents are ENJOINED from detaining him under 8 U.S.C. § 1225(b)(2)(A). Respondents are enjoined to the extent that Petitioner remains within the United States. This Order shall cease to apply if he is removed from the United States;

2.  Petitioner SHALL be immediately released from custody;  however, if he resides outside of Colorado and is only in this state because Respondents have transferred him here, Petitioner may, if he chooses, remain in Respondents' temporary custody for the sole purpose of Respondents effectuating his return to his place of residence. Alternatively, Petitioner may elect for immediate release. Respondents shall promptly confer with Petitioner regarding his wishes;

7

3.  If necessary, Respondents SHALL transport Petitioner back to his place of residence outside of Colorado, at their own expense, within 72 hours of the date and time of this Order;

4.  To effectuate the purpose of this Court's order and allow Petitioner to return home, Respondents are also temporarily enjoined from detaining Petitioner for a period of fourteen days; and

5.  Respondents SHALL FILE a statue report within FIVE DAYS of this Order certifying compliance.

It is FURTHER ORDERED that Petitioner's Expedited Motion for Immediate Release (Dkt. 2) and Plaintiff's Emergency Motion for Temporary Restraining Order (Dkt. 3) are DENIED as moot because Petitioner has received his requested relief.

DATED: July 29, 2026, 11:28 AM.

BY THE COURT:

S. Kato Crews
United States District Judge

8